# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TANYA GILMORE,<br><br>    Plaintiff,<br><br>v.<br><br>NEW ANSWERNET, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Tanya Gilmore ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against New AnswerNet, Inc. (hereinafter "Defendant" or "AnswerNet"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, liquidated damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981").

2. This action seeks, *inter alia*, declaratory and equitable relief, along with

monetary damages, attorney's fees, and costs.

## II. PARTIES

3.  Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.  Defendant is a Foreign Profit Corporation with a principal office located at 3930 Commerce Ave., Willow Grove, Pennsylvania 19090.

5.  Defendant may be served with process by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia, 30046.

## III. JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

7.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III, IV, and V of this Complaint, which arise out of § 1981.

8.  This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

9.  Plaintiff exhausted her administrative remedies in this matter.

10. This action has been timely commenced.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12. Defendant is now, and at all times relevant hereto, an employer subject to Title VII.

13. Defendant is now, and at all times relevant hereto, an employer subject to § 1981.

14. Plaintiff was employed by Defendant from January 22, 2021, until her termination in July 2021.

15. During all times relevant to her claims, Plaintiff served as a Call Center Manager.

16. During all times relevant to her claims, Plaintiff worked remotely from her home in Lithonia, Georgia.

17. Plaintiff is African American.

18. During all times relevant to Plaintiff's claims, Defendant was aware of Plaintiff's race.

19. Plaintiff most recently reported to General Manager, Ms. Valorie Walker.

20. Ms. Walker is Caucasian.

21. Prior to the events in question, Plaintiff had what can only be described as a positive performance history with Defendant.

22. On or about April 12, 2021, Ms. Walker alleged that she received complaints against Plaintiff.

23. Specifically, Ms. Walker alleged she received a complaint from one of Plaintiff's "White team leads," Mr. Johnathan Griswold.

24. Mr. Griswold is Caucasian.

25. Mr. Griswold made a complaint of favoritism against Plaintiff for allegedly promoting a "friend."

26. The "friend" that Mr. Griswold alleged Plaintiff promoted is African American.

27. Plaintiff reported to Ms. Walker that Mr. Griswold's complaint was based on his false and racist assumption that Plaintiff and the other employee were friends because they are both Black.

28. Plaintiff asked that an investigation be opened as to Mr. Griswold's complaint.

29. Defendant declined to open an investigation.

30. Following Plaintiff's complaint to Defendant, Ms. Francine Smith was reassigned from a separate project to work with Plaintiff, as an Assistant General Manager.

31. Ms. Smith is African American.

32. Ms. Smith indicated to Plaintiff that she (Ms. Smith) was assigned to the project as there was ongoing "racial tension."

33. Ms. Smith indicated to Plaintiff that she (Ms. Smith) had been designated as "the diversity police."

34. Plaintiff informed Ms. Smith that she believed she (Plaintiff) was being discriminated against on the basis of race.

35. Plaintiff informed Ms. Smith that she (Plaintiff) intended to make a complaint of discrimination.

36. Ms. Smith cautioned Plaintiff against filing a complaint with the Equal Employment Opportunity Commission ("EEOC").

37. Following her protected complaints to Ms. Walker and Ms. Smith, Plaintiff made a complaint to Defendant's Human Resources department regarding ongoing race discrimination.

38. Plaintiff's complaints ultimately made their way to Defendant's legal counsel, Mr. David Murdza.

39. Mr. Murdza thereafter interrogated Plaintiff regarding her complaints.

40. Mr. Murdza led Plaintiff to believe that she could be fired due to her complaints.

41. Plaintiff reported what she believed to be race discrimination to Mr. Murdza.

42. In or around May 2021, Plaintiff had the majority of her responsibilities stripped.

43. Plaintiff's subordinates were informed that they would no longer be reporting to Plaintiff, nor would other agents, effectively removing Plaintiff's supervisory role.

44. Plaintiff was disciplined for allegedly hiring six (6) supervisors that were not approved by Ms. Walker.

45. Those hires, however, were authorized by Plaintiff's former supervisor, Mr. Clinton Arnold.

46. In July 2021, Plaintiff was informed by Ms. Walker that Plaintiff's employment was terminated.

47. Defendant alleged that Plaintiff was terminated as part of a reduction in force ("RIF").

48. Ms. Walker failed to offer available positions to Plaintiff following the RIF.

49. When Plaintiff was offered employment with Defendant, she was informed that she would initially be placed on a temporary project, with other projects to follow thereafter.

50. Following the end of Plaintiff's project, other employees on the same project were offered employment in other capacities.

51. At least one management position was available for Plaintiff at the conclusion of the project, yet she was not given the opportunity to take that position.

52. An Agent position in Bucks County was available for Plaintiff at the conclusion of the project, yet she was not offered the opportunity to take that position.

53. At least one other African American employee that made a complaint of race discrimination, Mr. Jeffery LNU[1], was similarly not offered a position with the company following the end of the project.

54. Defendant terminated Plaintiff's employment in violation of Title VII and § 1981.

55. Plaintiff filed a claim with the EEOC, Charge Number 410-2021-04464.

56. Plaintiff received her Determination and Notice of Rights from the EEOC, dated August 2, 2022.

## V. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

57. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

---

[1] Last Name Unknown.

58. Plaintiff is a member of a protected class by virtue of her race. *Para. 17.*

59. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race.

60. Plaintiff was qualified for the position at issue. *Paras. 14,15,21.*

61. Plaintiff suffered the adverse action of termination. *Paras. 46,54.*

62. The assumption that Plaintiff was engaging in favoritism and was friends with the another employee just because of their shared race is evidence of a discriminatory animus. *Paras. 22-27.*

63. Defendant's grouping of African American employees due to "racial tension" is evidence of a discriminatory animus. *Paras. 30-33.*

64. Defendant's failure to give Plaintiff and at least one other African American employee the opportunity to take open positions following the end of the project is evidence of a discriminatory animus. *Paras. 49-53.*

65. Defendant's business reason is illegitimate.

66. Defendant's violation of Title VII was willful.

67. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

68. As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

69. Plaintiff is entitled to lost wages and benefits, liquidated damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT II: TITLE VII RETALIATION

70. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

71. Plaintiff made protected disclosure pursuant to Title VII. *Paras. 27-28,34-35,37,41.*

72. Defendant was aware of Plaintiff's protected disclosures.

73. Plaintiff suffered the adverse action of termination. *Paras. 46,54.*

74. The timing between Plaintiff's protected activities and Plaintiff's termination suggests causation.

75. The failure to similarly reassign another employee who also made complaints of discrimination is additional evidence of retaliatory animus.

76. Defendant's adverse actions against Plaintiff are illegitimate.

77. Defendant's violation of Title VII was willful.

78. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

79. As a direct and proximate result of Defendant's violations, Plaintiff has

suffered economic and non-pecuniary damages.

80. Plaintiff is entitled to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT III: SECTION 1981 DISCRIMINATION

81. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

82. Plaintiff is a member of a protected class by virtue of her race. *Para. 17.*

83. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race.

84. Plaintiff was qualified for the position at issue. *Paras. 14,15,21.*

85. Plaintiff suffered the adverse action of termination. *Paras. 46,54.*

86. The assumption that Plaintiff was engaging in favoritism and was friends with the another employee just because of their shared race is evidence of a discriminatory animus. *Para. 22-27.*

87. Defendant's grouping of African American employees due to "racial tension" is evidence of a discriminatory animus. *Para. 30-33.*

88. Defendant's failure to give Plaintiff and at least one other African American employee the opportunity to take open positions is evidence of a discriminatory

animus. *Paras. 49-53.*

89. Defendant's business reason is illegitimate.

90. Defendant's violation of § 1981 was willful.

91. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

92. As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

93. Plaintiff is entitled to lost wages and benefits, liquidated damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT IV: SECTION 1981 RETALIATION

94. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

95. Plaintiff made protected disclosure pursuant to § 1981. *Paras. 27-28,34-35,37,41.*

96. Defendant was aware of Plaintiff's protected disclosures.

97. Plaintiff suffered the adverse action of termination. *Paras. 46,54.*

98. The timing between Plaintiff's protected activities and Plaintiff's termination suggests causation.

99. The failure to similarly reassign another employee who also made complaints of discrimination is additional evidence of retaliatory animus.

100. Defendant's adverse actions against Plaintiff are illegitimate.

101. Defendant's violation of § 1981 was willful.

102. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

103. As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

104. Plaintiff is entitled to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT V: ATTORNEY FEES AND COSTS

105. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

106. As Defendant violated Plaintiff's rights protected by § 1981, Plaintiff is entitled to recover her attorney's fee and expenses as provided by §1988 and other relevant federal statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages;

d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;

e. Reasonable attorney fees and expenses of litigation;

f. Prejudgment interest at the rate allowed by law;

g. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i. Any other relief this Court deems proper and just.

Respectfully submitted this 28th day of October, 2022.

14.

                    THE KIRBY G. SMITH LAW FIRM, LLC

                    <u>s/Amanda M. Brookhuis</u>
                    Amanda Brookhuis
                    Georgia Bar No. 601396
                    Kirby G. Smith
                    Georgia Bar No. 250119
                    *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

14.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 28th day of October, 2022.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com